# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

LARRY SINGLETON,

    Plaintiff,

v.                                                                                                      CV No. 18-493 JCH/CG

CITY OF HOBBS, et al.,

    Defendants.

## STIPULATED CONFIDENTIALITY ORDER

**THIS MATTER** is before the Court on the parties' *Joint Motion for Entry of Stipulated Confidentiality Order*, (Doc. 28), filed October 22, 2018, and their agreement that the confidentiality of information and certain documents, including paper and electronic documents, should be maintained in this action ("the Lawsuit"). The Court finds that good cause exists for entering this Order.

**THE COURT HEREBY ORDERS:**

1. The following documents and information contained in said documents (hereinafter "Confidential Information"), which may be produced as described below, shall be kept confidential and shall be utilized by the Parties for purposes solely related to the Lawsuit (including but not limited to discovery, motions practice, mediation, or trial), as stated below:

    a.    All materials contained in employment or personnel files relating to the Parties or to any other employee, defined for purposes of this Order to include current and former employees of the Hobbs Police Department ("HPD").

b. All documents containing Protected Health Information ("PHI"), as defined in the Health Insurance Portability and Accountability Act ("HIPAA") privacy rule, PL 104-191, 45 C.F.R. Parts 160 and 64 and the HITECH Act; and

c. All information contained in internal affairs investigation files.

2. The parties shall utilize the following procedure to identify documents and/or information as Confidential Information and protect Confidential Information from disclosure to any third party:

a. Any party disclosing information or materials may, at any time prior or subsequent to disclosure, identify and mark material as "CONFIDENTIAL," provided a good faith basis exists for deeming the material confidential and that this designation is expressly made by notation on the material itself or in a letter accompanying the disclosure of the material. Any materials used during a deposition which a party believes should be confidential must be identified as confidential prior to or during the deposition itself.

b. All Confidential Information produced or exchanged in the course of discovery in this litigation shall be used solely for the purpose of this litigation until final judgment, including any appeals or settlement, and shall not be disclosed to any person other than as permitted herein.

c. Confidential Information used during depositions shall be expressly identified as "Confidential" in the transcript or other official record of the deposition. Confidential Information marked as deposition exhibits must be

clearly marked as "Confidential" before those exhibits are included in any official transcription or record. The parties stipulate that nothing in this Stipulated Confidentiality Order shall preclude any party from contesting the relevance or admissibility of any material produced pursuant to the Stipulated Confidentiality Order.

3. Attorneys for the Parties shall only distribute or disclose Confidential Information to the following persons: (1) the Parties, judge and jury; (2) legal counsel representing the Parties in this action (including their administrative assistants, law clerks and other law office support staff); (3) the Court and the Court's employees, including administrative assistants and court reporters; (4) expert witnesses retained by any Party in relation to the Lawsuit; (5) court reporters and videographers involved in the taking of any depositions, including any employees thereof; and (6) any fact witness that is called to testify at a deposition by oral examination or at trial. All persons to whom Confidential Information is disclosed, as outlined above, shall be bound by the terms of this Confidentiality Order.

4. Parties to the Lawsuit may not copy or retain copies, either paper or electronic, of any Confidential Information, but may review such documents as is necessary in this case, provided that any such document review shall be limited to the parties themselves and further provided that any such documents reviewed (or copies thereof) shall be promptly destroyed or returned to their respective attorneys at the conclusion of this case. The Parties will not permit any person not identified above in Paragraph 3 to inspect, examine, copy or replicate any Confidential Information. The Parties will not disclose any Confidential Information to any person not identified in Paragraph 3 at any

time, except by order of the Court. Attorneys for the Parties agree that they and their employees will utilize Confidential Information only for purposes related to the Lawsuit and that they shall otherwise maintain the confidentiality of documents and information deemed Confidential Information; provided however, that nothing contained in this Confidentiality Order shall prevent HPD or its employees from using Confidential Information created or maintained by it, if used in the ordinary course of business.

5. In the event any Party requires a fact or expert witness to review Confidential Information, the Party's attorney seeking such review shall instruct the witness about the contents of this Order, and the witness shall sign a copy of this Order agreeing to be bound by its terms. In the event a fact witness refuses to sign a copy of this Order, the parties shall so inform the Court.

6. Confidential Information about nonparties to the Lawsuit contained in exhibits to motions filed in this action shall be filed under seal and Confidential Information about nonparties contained in exhibits to depositions shall be sealed. Notwithstanding such sealing, portions of the depositions that do not contain confidential information shall not be sealed.

7. If any Party produces any document which contains PHI, as defined and used in the HIPAA, the Party may elect to redact the PHI from the document prior to production if it pertains to a person who is not a Party to the Lawsuit. If a Party (a) chooses to produce Confidential Information that contains PHI, (b) is required to produce Confidential Information that contains PHI, or (c) otherwise uses Confidential Information that contains PHI, this Confidentiality Order shall be considered a "Qualified Protective Order," as permitted under 45 C.F.R. §§

164.512(e)(1)(ii) and (v). Therefore, the party producing any documentation containing PHI is hereby relieved of the requirement to give notice to the patient(s) whose PHI is contained in the confidential record being disclosed (see 45 C.F.R. § 164.512(e)(1)(ii)(A)).

    8.  Upon conclusion of the Lawsuit, the provisions of this Order shall continue to be binding. This Order shall remain in full force and effect until modified, superseded, or terminated by consent of the parties or by Court Order. All Confidential Information including but not limited to, HPD internal affairs investigative material and/or PHI subject to HIPPA and/or the HITECH Act, including all copies, must either be returned to the providing party or if returning that information would be unreasonable, destroyed and certified to the providing party as destroyed within thirty days of the conclusion of the Lawsuit, and any subsequent appeal, if any, as provided in 45 C.F.R. §164.512(e)(1)(v).

    9.  This Order shall not be construed as a waiver by any Party of any objection the Party might have regarding the production, admissibility or use of any Confidential Information produced in the course of litigation of the Lawsuit. If any Party disputes the designation of any document as Confidential Information, such Party may bring the issue to the Court's attention, either by motion or, if all Parties agree, pursuant to an informal telephonic status conference with the assigned judge overseeing discovery matters, for a decision on whether such document or information contained therein constitutes Confidential Information subject to the terms of this Order. However, the parties shall negotiate in good faith concerning any dispute over the confidentiality of materials before raising the issue with the Court. Any dispute as to

whether a document and/or its contents is Confidential Information shall be kept Confidential pursuant to the terms of this Order until, and unless, the Court rules otherwise.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE